EDWIN L. BUTTERFIELD, Respondent, *v.* WILLIAM RUDDE Appellant.

ELISHA G. SELOHAW, Respondent, *v.* THE SAME, Appellant.

The amendment of 1874 to section 11 of the Code (chap. 322, Laws of 1874), prohibiting an appeal to this court "from any judgment or order granting or refusing a new trial, where the amount of the judgment or subject-matter in controversy   *   *   *   does not exceed $500," includes a judgment of affirmance. The words "granting or refusing a new trial," relate to "order" only, not to "judgment."

The appellate jurisdiction of the Court of Appeals is subject to the control and regulation of the legislature (Const., art. 6, § 6), and the act so amending said section is constitutional.

(Argued September 29, 1874; decided October 6, 1874.)

THESE were motions to dismiss the appeals in the actions above entitled.

In the cause first entitled judgment was perfected below in favor of plaintiff, upon the verdict of a jury, for $269.49 damages, besides costs.

In the cause second entitled the judgment was for $247.39, besides costs.

On appeal both of the judgments were affirmed, and from the judgments of affirmance appeals were taken by defendant to this court.

*Charles M. Earle* for motion.

*D. C. Calvin* opposed.

CHURCH, Ch. J. The appeals from the judgments in these actions are sought to be sustained upon the ground that the act chapter 322 of the Laws of 1874 does not embrace them. The judgment in each action, although less than $500, exclusive of costs, was simply a judgment of affirmance, and it is claimed that the statute applies, in terms, only to judgments

granting or refusing a new trial. This construction results from a misreading of the statute, which is, that "no appeal shall be hereafter taken to the Court of Appeals from any judgment or order granting or refusing a new trial," etc. The words "granting or refusing a new trial" relate to the word "order" only and not to "judgment." It is the same as though the words "from any" before *judgment* were repeated before *order*. This is the plain grammatical construction and the only one which gives the act practical effect. It would be an inaccurate use of language to provide for a judgment granting or refusing a new trial, and would exclude many cases intended to be embraced. We should avoid, if practicable, a construction which makes the legislature employ inapt words to defeat the purpose which they intended to accomplish. There is no ambiguity of expression, and the misapprehension has arisen from inserting a comma in the wrong place.

The objection of the want of power, on the part of the legislature, to pass the act is answered by the language of the Constitution. Article 6, section 6, provides, that "there shall be the existing Supreme Court with general jurisdiction, in law and equity, *subject to such appellate jurisdiction of the Court of Appeals as now is or may be prescribed by law;*" and the appellate jurisdiction over judgments from other courts is subject to the same regulation by the legislature.

The other considerations urged by counsel are exclusively for the court below upon an application for leave to bring an appeal to this court.

The motion to dismiss the appeals must be granted.

All concur.

Appeals dismissed.