Jane Ryan, Respondent, v. Andrew Waule, Appellant.

Under the act of 1874 amending section 11 of the Code (chap. 322, Laws of 1874), the amount of a judgment, without reference to the interest after recovery, is made the test of its appealability to this court.

The fact that the judgment was rendered before the passage of said act does not take the case out of its operation. The right of appeal is one of the remedies at all times within the control and discretion of the legislature.

Accordingly, *held*, where in an action for slander a judgment upon a verdict for $500 was perfected before the passage of said act, that an appeal to this court after its passage could not be taken without an order of the General Term.

(Argued October 5, 1875; decided October 8, 1875.)

This was a motion to dismiss an appeal.

The action was for slander. A verdict for $500 was rendered for plaintiff on trial, which was had April 7, 1874. Judgment for that amount of damages, together with costs and disbursements, was perfected April 11, 1874. The judgment was affirmed on appeal to the General Term. Judgment of affirmance was perfected July 31, 1875, from which defendant appealed to this court. No order as prescribed by chapter 322, Laws of 1874, was granted by the General Term. It was claimed by defendant's counsel that as the amount of the recovery, with interest thereon, was more than $500, the cause was appealable.

*H. Bullard* for the motion.

*Samuel Hand* contra.

*Per Curiam.* The amount of the judgment, without reference to the interest which attaches to it immediately upon its recovery, is made the test of its appealability to this court by the act of 1874, chapter 322. The interest which accrues as incidental to the recovery constitutes no part of the judgment. The language of the statute is explicit, and cannot be varied or made more plain by interpretation. Whatever damages the law may give for withholding the debt or not paying the judgment, the amount of the judgment is the same, and that is the amount in controversy under the statute.

The fact that this cause was pending, or the recovery had before the enactment of the law of 1874, does not take the case out of the operation of the statute. The right of appeal is not a vested right, but is one of the remedies at all times within the discretion of the legislature, and to be dealt with as that body shall deem wise. Retroactive effect is not given to the act in applying it to all appeals brought after it became a law. It did not affect appeals already brought; but was only operative as to future appeals, and the fact that it may have taken away the right to appeal in some cases in which it existed before, does not render it any the less an act prospective in its operation.

The motion must be granted, with costs.

All concur.

Appeal dismissed.