The People ex rel. Henry Sears, Appellant, *v.* The Board of Assessors of the City of Brooklyn, Respondent.

The provision of the National Guard Act of 1870 (§ 253, chap. 80, Laws of 1870), entitling a member of the National Guard to an exemption from the assessed valuation of his property to the amount of $1,000, during the period of his military service, was repealed by its omission from the section as amended in 1875 (§ 59, chap. 223, Laws of 1875).

No contract relation existed between the State and a member of the National Guard who had enlisted prior to the passage of the repealing act and whose term of service had not then expired, which would prevent

it from taking effect as to him; he enlisted subject to the right of the State at any time to modify or repeal the exemption, and upon the repeal his right to the exemption, as to all subsequent assessments, ceased.

(Argued March 15, 1881; decided March 25, 1881.)

APPEAL from order of the General Term of the Supreme Court, in the second judicial department, made July 18, 1879, affirming an order of Special Term, which denied a motion on the part of the relator for a writ of mandamus directed to the board of assessors of the city of Brooklyn, commanding them to deduct $1,000 from the assessed valuation of the relator's property. (Reported below, 18 Hun, 386.)

The material facts are stated in the opinion.

*David E. Gwynne* for appellant. The exemption from taxation was in the nature of a contract between the citizen and the State, and being so, was protected by the inhibition in the Constitution of the United States which forbids the States to pass laws interfering with the obligations of contracts. (Fonblanque's Eq. C. 1, chap. 5, § 2; Chitty on Contracts, 28; *Piqua Bk.* v. *Knoop*, 16 How. Pr. 38; *Ex parte Goodin*, 18 Alb. L. J., No. 22; *Washington Un.* v. *Rouse*, 8 Wall. 430; *Fletcher* v. *Peck*, 6 Cranch, 87, 127, 131; *New Jersey* v. *Wilson*, 7 id. 164; *Thomson* v. *Holton*, 6 McLean, 387.) It was not the intention of the legislature by the act of 1875, to take away the exemption from taxation. (*United States* v. *Heth*, 3 Cranch [U. S.], 399; *United States* v. *Hopkins*, 22 How. 299; *Ely* v. *Holton*, 15 N. Y. 595.) Had the legislature intended to revive this tax upon the property of the militia, it should have stated the object to which it is to be applied and distinctly state the tax. (Constitution of State of New York; 6 R. S. 89, §§ 20, 21; Art. 7, § 13, Const. N. Y.; *Ex rel. Hopkins* v. *Board of Supervisors*, 52 N. Y. 556.)

*William C. De Witt* for respondent. Section 253 of the Military Code of 1870, under which the relator claims exemption, was, in so far as such exemption is concerned, repealed by

section 59 of the amendatory act passed in 1875. (1 Laws of 1870, p. 282; Laws of 1875, p. 213; *Moore* v. *Mausert et al.,* 49 N. Y. 332.) A statutory exemption from tax, or jury duty, consequent upon military services, is not in the nature of a contract or vested right of property protected by the Constitution from legislative molestation. (*People ex rel. Cunningham* v. *Roper,* 35 N. Y. 629.)

Finch, J. The relator joined the National Guard of the State in the year 1874, while a statute was in force which provided that every commissioned officer, non-commissioned officer, musician and private belonging to that organization should be exempt from jury duty, and be entitled to a deduction from the assessed valuation of his real and personal property to the amount of one thousand dollars during the period of his military service. (Laws of 1870, ch. 80, § 253.) By a later act, passed during the relator's term of service, the act of 1870 was amended, and the section referred to changed, so as to reduce the period of future enlistments from seven years to five, but leaving existing enlistments to run for their full original term of seven years, and omitting entirely the tax exemption. Acting upon this amendment (Laws of 1875, chap. 223, § 59), the assessors of the city of Brooklyn refused to allow to the relator any reduction of assessed valuation on account of his performance of military duty for the years from 1875 to 1878, both inclusive, whereupon the relator applied for a writ of mandamus to compel them to allow his claims in this respect. The writ was refused and the propriety of such refusal is the sole question presented on this appeal.

That the effect of the amendment of 1875 was to repeal the exemption appears to be settled. (*Moore* v. *Mausert* 49 N. Y. 332.) It was there held in substance that an act which amends an existing statute " so as to read as follows," thereupon enacting a new and substituted provision, repeals all of the former statute omitted from the act as amended. That is the case here. The exemption given by the act of 1870 and omitted from the amendatory act was withdrawn and annulled and

ceased longer to exist. The exceptional privilege ceasing to be allowed left the general provisions of the tax laws to their normal and full operation upon the relator. We have reflected upon the reasoning by which the learned counsel for the appellant seeks to convince us that such a result was not intended by the amendment, but cannot concur in his construction of the act. It might have been just, and possibly wise, to have preserved the exemption to those whose enlistment preceded the change, and who were held for their full term of seven years, and limited the withdrawal of the exemption to the new recruits whose term of service was for the shorter period, but the legislature did not do it. They struck down and struck out the exemption entirely. It remained for nobody. It ceased wholly and entirely to have any existence, and became as if it had never been allowed. It is impossible to construe it back into the statute for any purpose, or to benefit anybody.

The further argument that the five years men are exempted from the performance of jury duty, but no such exemption is expressly given to the seven years men, and, therefore, we must presume, as to them, that the old statute remained in force, is founded upon a misconception of the act. As amended, it in terms provides that all members of the National Guard, entirely irrespective of their terms of service, shall be exempt from jury duty during the time that they shall perform military service. It then adds the further provision, applicable both to the seven years and the five years men, that every person who shall have *served* five years and been honorably discharged shall, forever after, be exempt from jury duty. It is the actual service for five years, not the period of enlistment, which gives the right. We can see no valid reason for hesitating to follow the rule of construction heretofore adopted, which determines that the amendatory act repealed the exemption.

The appellant's further claim, that the right of the relator, under the law as it existed at the date of his enlistment, was a contract between him and the State, which could not be annulled without a violation of the Federal Constitution, has also been ruled adversely. (*People ex rel. Cunningham* v. *Roper,*

35 N. Y. 629.) The grounds of that decision were so fully stated and its propriety so thoroughly vindicated in the case cited as to make further discussion superfluous. It went upon the ground that the services of the relator in the militia were such as the State might have commanded; that no contract relation was established; that the members of the National Guard joined its ranks subject to the right of the State at any time to modify or repeal the exemption; and that its allowance was merely an act of general legislation subject at any time to be reversed or changed when the welfare of the people seemed to require such action. We see no just reason to question the correctness of the decision, and deem it applicable to and decisive of the present case.

Nor do we see any basis for the contention that the taxes of 1875 and 1876 should have been allowed in any event. No such question was presented to the assessors or to the Special Term in the moving affidavits. That the taxes for 1875 had been " settled upon " before the passage of the amendatory act, did not alter the duty of the assessors in making their assessment. When they acted the exemption was gone, and they had no other duty to do than obey the law then in force.

Some other questions were raised on the appeal but not such as to require discussion.

The order of the General Term should be affirmed, with costs.

All concur, except RAPALLO, J., absent.

Order affirmed.