FRANKLIN BAILEY, Appellant, v. MARY A. KINCAID, Respondent.

*Notice of appeal — statutory change of limit of time within which an appeal may be taken — effect of such change.*

Where, subsequent to the time that the right to appeal from a judgment accrued, and before the expiration of the time limited for such appeal, section 1341 of the Code of Civil Procedure was amended by striking out sixty days and inserting thirty days, and thereafter the notice of appeal was served more than thirty days from the time that the right to appeal accrued, but less than sixty days thereafter, and also more than thirty days after the date at which the amendment took effect, the service of the notice is too late.

MOTION to dismiss an appeal on the ground that notice thereof was not served within the time prescribed by law.

*D. J. Sullivan,* for the motion.

*A. D. Arnold,* opposed.

LANDON, J.:

The limitation of the right to appeal began May 6, 1890, and under section 1341, Code of Civil Procedure, as then in force, would continue for sixty days. May 26, 1890, the section was amended by striking out sixty days and inserting thirty. The notice of appeal was served June 30, 1890, more than thirty days from May 6, 1890, but less than sixty days, also more than thirty days after the amendment took affect.

The right to appeal is not a vested right. Whether a party may appeal, and if so, under what limitation as to time, are matters of legislative control. (*Butterfield* v. *Rudde,* 58 N. Y., 489; *Ryan* v. *Waule,* 63 id., 57.) Upon and after the amendment of the section the limitation was defined by the section as amended. (*Moore* v. *Mausert,* 49 N. Y., 332; *People* v. *Board of Assessors of Brooklyn,* 84 id., 610.) It is undoubtedly the rule that amendments to statutes should not be construed to have a retrospective effect unless the intention to give them that effect is plain. (*Matter of Miller,* 110 N. Y., 216, 223.) Giving due effect to that rule, the thirty-days limitation would

not begin to run before the amendment was passed, but would begin with the date of its passage. Such was the construction given by the Supreme Court of the United States to a new statute of limitations upon causes of action already accrued. (*Sohn* v. *Waterson*, 17 Wall., 596.) This seems to be reasonable. The repealed portion of the statute is no longer the law, and the amended portion is the present law. In the absence of any vested right we must give the amendment effect from the date it began to operate. The time to appeal was not exhausted under the old law, and, therefore, upon its repeal no limitation existed except under the new law, that did not begin to operate until it took effect, and its operation continued thirty days.

*Williamson* v. *Field* (2 Sandf. Ch., 533), held that the provision of the Revised Statutes prescribing a limitation of ten years to suits of exclusive equitable cognizance does not apply to a right which was vested and perfect before those statutes took effect. It was held that the peculiar language of the Revised Statutes was limited to rights of action thereafter accruing.

In *Goillotel* v. *City of New York* (87 N. Y., 441), the terms of the statute as amended were held to reserve existing limitations as to existing causes of action.

But as the appellant did not serve the notice of appeal until more than thirty days after the amendment took effect, he was still too late.

Motion granted, but without costs.

LEARNED, P. J., and MAYHAM, J., concurred.

Appeal dismissed, with costs.