MARY BIRCH REID, RESPONDENT, *v.* THE BOARD OF SUPERVISORS OF THE COUNTY OF ALBANY, APPELLANT.

*Tax sales — a purchase at a statutory tax sale creates a contract relation — how far rights thus acquired can be impaired by a subsequent statute of limitations.*

It was provided by section 52, chapter 86, Laws of 1850, relative to tax sales in the city of Albany, that whenever any purchaser under such a sale should be unable to recover possession of the real estate sold by reason of any error or irregularity in the assessment, in the levying of the tax or in the proceedings for its collection, the board of supervisors of the county should reimburse the purchase-money, with interest, and that, upon its refusal or neglect to do so, such amount might be recovered by action against it.

This section was amended by chapter 429, Laws of 1889, so as to read that the board of supervisors of said county shall, "at any time within six years from such sale," reimburse the purchase-money, with interest.

In the several years from 1875 to 1883, both inclusive, a party purchased certain premises at tax sales in that county. In June, 1887, the Court of Appeals in a similar case held that a sale made under a similar statute was void. In December, 1889, the purchaser at the Albany county sales applied for reimbursement, which was refused by the board of supervisors.

*Held,* that the statute of 1850 was an invitation to the purchaser to pay his money upon the terms expressed therein, and that upon such payment a contract was made with him whose terms were defined by the statute.

That the amendment of 1889, limiting the time of reimbursement to six years from the date of sale, impaired the obligation of a contract, and was, therefore, void so far as it was sought to be applied to sales had before 1889

That a new statute of limitations, operating upon an existing cause of action, is unconstitutional if it does not give a reasonable time for the commencement of the action before the bar takes effect.

That the right of action in this case depended not only upon the irregularity or error, but also upon the refusal (in December, 1889), of the board of supervisors to reimburse the purchase-money; that, assuming, under the Code of Civil Procedure (§ 410), a demand by the purchaser to be necessary, "the right to make the demand" was not "complete," within the meaning of that section, until the decision of the Court of Appeals in June, 1887, and consequently the action was not barred by the Code of Civil Procedure (§ 382), which fixed a six years' limit to an action to recover upon a statutory liability. (LEARNED, P. J., dissenting.)

APPEAL by the defendant, the Board of Supervisors of Albany County, from a judgment, entered in the clerk's office of Albany county on the 13th day of February, 1891, after a trial by the court at the Albany Circuit.

In the years 1875 to 1883, both inclusive, William Reid purchased various parcels of land at tax sales thereof, made for the non-payment of taxes by the county treasurer of the county of Albany, under chapter 86, Laws of 1850, and the acts amendatory thereof, and received certificates and deeds therefor issued to him in accordance with the terms of the act. Reid paid to the county treasurer, for and in consideration of such sales, certificates and deeds, the aggregate sum of $3,774.98, which was turned over by said treasurer into the general funds of the county. Section 52 of the act of 1850 read as follows at the time of the sales, and until June, 1889:

"§ 52. Whenever any purchaser under such sale shall be unable to recover possession of the real estate sold to him, by reason of any error or irregularity in the assessment of any person or property, or in the levying of any tax, or in any proceedings for the collection of a tax, the Board of Supervisors of the said county shall reimburse the purchase-money so paid, with interest; and upon their refusal or neglect to do so, the same may be recovered by an action against them, and shall be paid by the county treasurer, if he have moneys in his hands sufficient for the purpose, not otherwise specifically appropriated, upon the production of a certified copy of the judgment; and if he have no such moneys in his hands, then the same shall be added to the amount of taxes to be levied on the city of Albany, and collected in the same manner as other contingent expenses, and, when collected, shall be paid over to such purchaser."

Reid was unable to recover possession of any of said parcels of real estate so sold to him by reason of errors and irregularities in the assessment thereof, and in the levying of the taxes for which said several sales were made, and in the proceedings for the collection of the taxes, but such inability was not known or regarded as established until June, 1887. The complaint alleges "that such sales were declared irregular and void by the Court of Appeals of this State on or about June 7, 1887, as plaintiff is informed and believes." This allegation is not controverted by the answer. Reid died in January, 1888, and under his will the plaintiff became the owner of the deeds and certificates, and of whatever rights Reid had in respect to them. In June, 1889, by chapter 429 of the laws of that year, section 52, above quoted, was amended by changing the clause thereof which read, "The board of supervisors of the said county shall reimburse the purchase-money so paid, with interest," etc., so as to make it read, "The board of supervisors of the said county shall *at any time within six years from such sale* reimburse the purchase-money so paid, with interest," etc. In December, 1889, the plaintiff applied to the defendant to be reimbursed the purchase-money so paid by said Reid, with interest, but the defendant refused. This action was commenced September 2, 1890. The defendant, by its answer, set up the statute of limitations of six years as to the entire cause of action, of ten years as to so much of it as accrued before September, 1880, and the limitation contained in the amendment of section 52 above quoted.

The court found the facts substantially as above set forth, and gave plaintiff judgment for the amount claimed, with interest.

*Hugh Reilly*, for the appellant.

*James C. Matthews* and *D. C. Herrick*, for the respondent.

LANDON, J.:

When the State by statute invites any one to pay his money upon the terms expressed in the statute, and the proposition is accepted and the money paid, a contract is thereby made, and the statute defines its terms. ( *Woodruff* v. *Trapnall*, 10 How. [U. S.], 190; *Furman* v. *Nichol*, 8 Wall., 44; *McGahey* v. *Virginia*, 135 U. S., 662.)

Such a contract was made between the State and Reid. He made his purchases at the tax sales and paid his money in acceptance of the terms extended to him in the statute of 1850 (chap. 86), and relying upon its provisions. That statute formed the terms of the contract, and was expressly referred to in the certificates of sale which the authorized officer of the State, acting in the county of Albany, executed and delivered to him. The State could pass no law impairing the obligation of its contracts with him. Its contracts rest upon the same rules as those between individuals. (*Fletcher* v. *Peck*, 6 Cranch, 87 ; *Wabash, etc., Canal Co.* v. *Beers*, 2 Black, 448 ; *Hartman* v. *Greenhow*, 102 U. S., 672.)

Under the original act no limit of time was fixed within which the defendant should reimburse Reid in case the condition should exist entitling him to reimbursement. But the amendment fixed a limit of six years from the sale ; this limit had been reached before the amendment was passed. If the amendment operated upon past sales and contracts, then the obligation of the contract to reimburse Reid was thereby instantly destroyed. (See cases cited in *McGahey* v. *Virginia*, 135 U. S., 693.) The amendment cannot, therefore, be given a retrospective effect ; its language does not necessarily require that such effect be given it, and it can be satisfied by applying the amendment to such sales only as are made after its passage. It must, therefore, be so applied. (*Dash* v. *Van Kleeck*, 7 Johns., 477 ; *Fitzpatrick* v. *Boylan*, 57 N. Y., 437 ; *Matter of Miller*, 110 id., 216.)

The learned counsel for the defendant insists that the statute of 1850 creates the liability, and, therefore, the right of the plaintiff depends upon the statute as it exists when the action is brought But the statute did not create the liability ; it authorized its creation ; the liability exists by virtue of the contract ; the contract exists because the statute authorized it. The authority to incur the liability must not be confounded with the liability itself.

The amendment cannot be upheld as a statute of limitation upon the remedy. It purports to be a limit beyond which the duty of reimbursement shall cease, and, therefore, an alteration of the contract under which Reid made payment. If it should be regarded as a limitation upon the right of action, it could not be upheld, because it leaves no day of grace whatever. A new statute of limitation operating upon an existing cause of action is unconstitutional if it

does not give a reasonable time for the commencement of the action before the bar takes effect. (*Terry* v. *Anderson,* 95 U. S., 628; *Sohn* v. *Waterson,* 17 Wall., 596; *McGahey* v. *Virginia, supra,* at page 704; *Wheeler* v. *Jackson,* 137 U. S., 245.)

Where a new statute of limitations is adopted the time which had run before the passage of the act is no part of the new limitation unless so expressed. (*Sohn* v. *Waterson, supra; Bailey* v. *Kincaid,* 57 Hun, 516.)

It is urged that the right of action is barred by section 382, Code of Civil Procedure, which fixes a limit of six years after the cause of action has accrued in which to commence an action to recover upon a liability created by statute, except a penalty or forfeiture, also upon a contract obligation or liability, express or implied, except a judgment or sealed instrument.

The cause of action, by the terms of section 52 of the act of 1850, accrued upon the happening of both of the conditions specified therein :

(1.) "Whenever any purchaser under such sale shall be unable to recover possession of the real estate sold to him by reason of any error or irregularity in the assessment * * * the board of supervisors of the said county shall reimburse the purchase-money so paid, with interest;" and (2), "upon their refusal or neglect to do so, the same may be recovered by an action against them." Thus inability to recover possession gives the right to reimbursement, and then a demand and refusal give the right of action. Section 410, Code Civil Procedure, provides :

"§ 410. Where a right exists, but a demand is necessary to entitle a person to maintain an action, the time within which the action must be commenced must be computed from the time when the right to make the demand is complete."

It is not clear that this section applies since section 52 of the act of 1850 fixes no limitation to the time for making the demand. (*Fisher* v. *Mayor,* 67 N. Y., 73.) But assuming it does apply, when was the right to make the demand complete? The trial judge found that, by reason of errors and irregularities in the proceedings prior to the sales, Reid was unable to recover possession of the parcels sold at the time of such sales and immediately thereafter. He refused to find that Reid was, therefore, immediately upon or after

such sales, entitled to demand reimbursement. He did find that, as the result of a decision of the Court of Appeals in a similar case (*Remsen* v. *Wheeler*, 105 N. Y., 573), the said tax sales were declared irregular and void on or about June 7, 1887.

We understand from these findings and from the uncontroverted allegation of the complaint (recited above in the statement of facts) that the invalidating errors and irregularities existed at the date of the sales, and that they were always sufficient, if interposed in due form, to render the purchaser unable to recover possession, but this fact was not known until June, 1887. Prior to June, 1887, it might well be that, though the legality of the proceedings existed, he could obtain possession, because in the unknown condition of the law his efforts to do so would not be resisted. Unquestionably, some decisive or, at least, satisfactory test of such inability was contemplated by the statute. "Whenever any purchaser shall be unable to recover possession" evidently contemplates time subsequent to the sale, when a determination of the fact will be reached, and, therefore, the right to make the demand would not be complete until such time should arrive. The always present legal inability to obtain possession awaited some decisive test of its existence before it could start the time in which a demand was due. Why was a demand made necessary except to advise the defendant that the contingency contemplated as possible actually existed? It clearly was not contemplated that a demand should be contemporaneous with the sale or be made until the occasion for it should be ascertained. Demand, therefore, was not due until June, 1887, and the statute did not begin to run until that date.

Section 52 provides that the purchaser shall be reimbursed, with interest. The right to interest is not dependent upon demand, but upon the statute, and was properly allowed.

Judgment affirmed with costs.

MAYHAM, J., concurred.

LEARNED, P. J. (dissenting):

I am unable to see that a tax sale made under chapter 86, Laws of 1850, constituted a contract between the State and the purchaser. Previous to the sale the State tax had been paid by the county (§ 42

of the act), and the purchase-money on the sale was paid to the county treasurer (§ 48). The State had no interest whatever in the matter, and the complaint alleges that the money was paid to the county.

If there were no such statutory provision as that contained in section 52, and if there were no special agreement on the part of the county to refund the purchase-money, in case the title should be defective, then it seems to be settled that the purchaser could not recover such purchase-money, but that his purchase would be at his own risk. (*Brevoort* v. *Brooklyn*, 89 N. Y., 128, at 135; *Coffin* v. *Brooklyn*, 116 N. Y., 159, at 166.) Therefore, the right to recover this money back is not a common-law right. No special agreement to refund is alleged in the complaint, and the only right to recover must be that which is given in the statute. Of course, in a certain general sense, the existing law may be said to enter into every contract. But in this case the contract was executed, viz., a contract of purchase and sale of property, and the price was paid. The liability to refund was not created by the agreement of the parties or by common law, but simply by the statute. The board of supervisors made no agreement to repay the money. Indeed, they were not parties to the contract of sale. The county treasurer sold the property and the statute declared that, in a certain contingency, the county should refund to the purchaser the price paid. The alleged liability, therefore, was created by statute. In the case of *Brevoort* v. *Brooklyn* (*ut supra*), it was alleged in the complaint, and admitted by the demurrer, that the defendant had expressly agreed that the purchase-money should be refunded in a certain contingency. No such fact exists here, and, therefore, there is no contract by this defendant to refund the money. The liability is simply imposed by the statute.

Thus it was said in *Chase* v. *Lord* (16 Hun, 369), that the liability of a stockholder in certain cases for debts of the corporation was a liability created by statute within the meaning of Code of Procedure (§ 91, sub. 2); Code of Civil Procedure (§ 382, sub. 2). That case was reversed in 77 New York, 1, but not on this point. The statute of limitations, then, barred this action after six years after the cause of action accrued.

The plaintiff had not made any attempt to recover possession of

·the lands. Therefore, there was no proof of inability by showing unsuccessful actions. The plaintiff relies, therefore, on showing that, as a matter of law, she (or the purchaser) could not have recovered possession if actions of ejectment or other proceedings had been taken. To establish this question of law she cites the case of *Remsen* v. *Wheeler* (105 N. Y., 573), decided about June 7, 1887. And the trial court holds as a fact that, as the result of that decision, .these tax sales were then declared void.

But admitting that, by force of that decision, it is the law that ·these tax sales are void, still it must· be true that they were void from the beginning; and the learned justice so holds. Such a ·decision of the court does not make that void which had previously been valid. It only declares the invalidity which has always existed. ·Therefore, it is true (assuming that the case above cited applies) that, from the beginning, the plaintiff (or purchaser) has, by reason of errors or irregularities in the assessment, etc., been unable to recover possession of the land, as was found by the learned justice.

Now, it does not change the plaintiff's rights to say that, before the decision above cited, perhaps the plaintiff might have obtained possession of the land, because, perhaps, the occupant would not have resisted an action of ejectment or similar proceedings. We do not know that the occupant of the land would now resist an action, if brought by the plaintiff. All we know is, that such occupant could successfully resist. And that was true from the very first. If the plaintiff (or purchaser) had brought ejectment or similar pro- ·ceedings as soon as the certificates of sale were issued, the occupant, · if he had chosen, might have defeated the action or proceeding. ·Whether he would have chosen to do so we do not know. If he had not chosen to defend, the plaintiff (or the purchaser) would have recovered possession, and then could not have maintained this action.

The plaintiff now rests this action solely on the legal inability to recover, in case the occupant should defend. Such inability has existed since the certificates were issued, and, therefore, the right of .action in this case has existed for the same time.

In *Parsons* v. *Rochester* (43 Hun, 258) an action was brought to recover back money paid on an illegal assessment. It was held that ·the plaintiff had originally had a right of recovery, but that such

right was barred after six years from the time of payment. The plaintiff urged that he had not such right of action until the decision in another case (*Hassan* v. *Rochester*, 67 N. Y., 528), had established the invalidity of the assessment. That is substantially the plaintiff's view in this case. But the court said that that position was utterly fallacious; that the Hassan decision did not create the right of action.

The same is decided in *Van Nest* v. *Mayor* (24 Week. Dig., 50), where it was held that an action to recover back money paid on a void assessment must be commenced in six years from the payment. And the court further said that the fact that the demand for the return of the money was not made until shortly before the action was commenced did not extend the time; that where the right to maintain an action depends on the making of a demand, the demand must be made and the action commenced within the time limited. (Code of Civ. Pro., § 410; *Dickinson* v. *Mayor*, 92 N. Y., 584.)

The case of *White* v. *Brooklyn* (122 N. Y., 53) does not apply. The certificate in that case entitled the purchaser to a lease, "unless * * * any irregularity shall be discovered in the proceedings, * * * in which case said purchase and all sums paid * * * shall be repaid, * * * provided this certificate shall be surrendered." The plaintiffs demanded leases in May, 1882, which were not given. They discovered the irregularity in December, 1882. They demanded repayment and tendered the certificate in February, 1883, and commenced the action in that month. The right of action, therefore, by the terms of the certificate, arose upon discovery, and was conditioned on the return of the certificate, instead of the accepting a lease.

But the court in the opinion remarked: "If the right of the plaintiffs was dependent solely upon the fact that such irregularity existed, it is clear that the statute commenced running on the expiration of the time for redemption" (that is, the time within which the owner could redeem) "and operated as a bar at the end of six years thereafter, although the plaintiffs were ignorant of the existence of the fact which entitled them to the remedy." Such is the present case. (*Allen* v. *Miller*, 17 Wend., 202.) The right of

the owners to redeem in the present case expired in two years, but notwithstanding such right the purchaser was at once entitled to possession under his certificate, even before the conveyance. (Secs. 48, 49 and 50 of the act.)

It then became the duty of the defendants to repay the money whenever the purchaser was unable to obtain possession. And it is found by the court that such inability existed at once. They neglected to do so and thereupon the right of action arose. If it be claimed that a demand was necessary in order to show neglect, still the Code (§ 410) provides that the time under the statute of limitations must be computed from the time when the right to make the demand is complete, except in certain cases, not including this controversy. And this is a most reasonable provision. If a person has a right requiring a demand in order to enable him to maintain an action, it would be unjust that by neglecting or intentionally postponing the making of the demand he should enlarge the time within which he could bring the action to any extent he might choose. The contrary rule would allow this plaintiff to wait for fifty years and then make a demand on the defendants and, thereupon, bring an action within six years thereafter.

I think the judgment should be reversed.

Judgment affirmed, with costs.