Friend *et al.* v. Roth *et al.*

No. 297.   Opinion Filed May 12, 1909.

(102 Pac. 186.)

1.   COURTS—Supreme Court—Jurisdiction—Appeals from Territorial Courts.   Section 18 of the enabling act (Act June 16, 1906, c. 3335, 34 Stat. 277) confers upon the Supreme Court of the state just such jurisdiction to review judgments rendered and entered in actions in the United States courts of the Indian Territory prior to the admission of the state from which no appeal had been taken as the United States Court of Appeals for the Indian Territory could have taken if it had not been dissolved by the advent of statehood.

2.   SAME—Time of Taking Appeals.   A judgment in an action in a United States court of the Indian Territory, rendered and entered less than six months before the admission of the state, may be reviewed by this court on appeal taken within six months from the entry of such judgment.

(Syllabus by the Court.)

*Appeal from the United States Court for the Western District of the Indian Territory at Tulsa; William R. Lawrence, Judge.*

Action by J. A. Friend and others against Nora B. Roth and others.   Judgment for defendants, and plaintiffs appeal.   Dismissed.

*P. L. Thurman* and *Gibson & Ramsey,* for appellants.
*J. L. Harnage,* for appellees.

HAYES, J.   This is an action in equity brought in the United States Court for the Western District of the Indian Territory at Tulsa by plaintiffs, wherein that court, on the 23d of July, 1907, rendered and entered judgment dismissing plaintiffs' petition.   On the 17th day of July, 1908, plaintiffs presented to the Honorable Chief Justice of this court their petition praying an appeal from said judgment, which was allowed.   Thereafter, on the 18th day of July, 1908, a transcript of the record, together with said petition, was filed in this court.   Defendants have moved this court to dismiss the appeal upon the ground that same was not taken

within the period of six months from the date of entry of judgment, the time allowed for taking an appeal by the statutes ·in force in the Indian Territory at the time of the rendition and entry of judgment.

This question was presented to and passed upon by the court in *Moberly v. Roth et al.* (decided at this term of the court), *ante,* p. 856, 102 Pac. 182, and there decided favorably to the contention of the defendants.

The reasoning and rule of the court in that case is applicable to this, and it therefore follows that the motion to dismiss should be sustained.

All the Justices concur.