MOBERLY v. ROTH *et al.*

No 295.   Opinion Filed May 12, 1909.

(102 Pac. 182.)

1. **COURTS——Supreme Court—Jurisdiction—Appeals From Terri-**
   **torial Courts.** Section 18 of the enabling act (Act June 16, 1906,
   c. 3335, 34 Stat. 277), confers upon the Supreme Court of the state
   just such jurisdiction to review judgments rendered and entered
   in actions in the United States courts of the Indian Territory
   prior to the admission of the state from which no appeal had
   been taken as the United States Court of Appeals for the Indian
   Territory could have taken if it had not been dissolved by the
   advent of statehood.

2. **SAME—Time of Taking Appeals.** A judgment in an action in a
   United States court of the Indian Territory, rendered and entered
   less than six months before the admission of the state, may be
   reviewed by this court on appeal taken within six months after
   the entry of judgment.

(Syllabus by the Court.)

*Appeal from the United States Court for the Western District*
*of the Indian Territory at Tulsa; William R. Lawrence,*
*Judge.*

Action by Major Moberly against Nora B. Roth and others.
Judgment for defendants, and plaintiff appeals. Dismissed.

*P. L. Thurman* and *Gibson & Ramsey,* for appellant.

*J. L. Harnage,* for appellees, citing: *Williams v. Johnson,*
(Md.) 96 Am. Dec. 613; *Reeves v. Cole,* 38 Iowa, 677; *Pignaz v.*
*Burnett* (Cal.) 51 Pac. 48; *White v. Blum,* 4 Neb. 505; *Sam-*
*berling v. Lazarus,* 100 Mich. 324; *Carr v. Miner,* 40 Ill. 33;
*Chuck v. Berry,* 27 Ark. 314; *Sheehan v. So. Inv. Co.,* 53 Mo.
App. 351.

HAYES, J.  Appellant, hereafter called "plaintiff," originally
brought this action in the United States Court for the Western
District of the Indian Territory at Tulsa against appellees, here-
after called "defendants," and prayed for a judgment of the court

declaring that defendants hold certain lands as trustee for his benefit and for a decree of the court directing and requiring that defendants release and convey said lands to plaintiff. Upon trial of the case, the court ordered plaintiff's petition dismissed. The judgment of the court was entered on the 23d day of July, 1907, prior to the admission of the state. On the 17th day of July, 1908, plaintiff presented to the Chief Justice of this court his petition praying an appeal, which was allowed, and citation was issued on said date. On the same day transcript of the record in the trial court was filed in this court. Defendants have filed herein their motion to dismiss the appeal upon several grounds. One of the grounds set forth in the motion is that the appeal is unauthorized in law and is void for the reason that the same was not taken within the statutory period for taking an appeal as prescribed by the laws in force in the Indian Territory at the time the final judgment was entered. Other grounds are set up in the motion, but we find it necessary to consider only the one here mentioned.

This ground presents for our consideration and answer two questions, as follows: First, after the admission of the state, was there any right of appeal from a judgment rendered and entered before the admission of the state, in a case pending in the United States Court of the Indian Territory where such judgment had been rendered and entered less than six months before the admission of the state? Second, if such right of appeal existed, is it, and the procedure relative thereto, governed by the statutes in force in the Indian Territory prior to the admission of the state governing appeals from the trial courts of the Indian Territory to the United States Court of Appeals of that territory, or is it governed by the statutes controlling appeals that existed in the territory of Oklahoma at the time of the admission of the state and that are now in force in this state by virtue of the provisions of the Enabling Act and of the Schedule to the Constitution?

Section 15 of the Enabling Act (Act June 16, 1906, c. 3335, 34 Stat. 276) provides that all final judgments rendered by the

territorial appellate courts which, except for the admission of the state, might have been reviewed on appeal or writs of error sued out, taken, and prosecuted to the Supreme Court of the United States or to the United States Circuit Court of Appeals, may still be reviewed in the same manner, provided that the time for taking such appeals or suing out such writs of error shall not · be enlarged.    Section 16 of the Enabling Act, as amended by act of Congress approved March 4, 1907 (chapter 2911, § 1, 34 Stat. 1286), provides for the transfer of certain cases pending in the Supreme and district courts of Oklahoma Territory and in the United States Court of Appeals for the Indian Territory and in the courts of original jurisdiction in the Indian Territory at the time of the admission of the state to the federal Circuit and District Courts of the state.    Sections 17 and 20 of the act as amended by the act of Congress approved March 4, 1907 (sections 2, 3), provide that all cases pending in the territorial courts of original and appellate jurisdiction, the transfer of which to the federal Circuit and District Courts is not provided for by section 16 as amended, shall be transferred to the original and appellate courts respectively of the state.    Said section provides that cases transferred thereunder to the state courts, both of original and appellate jurisdiction, shall be proceeded with, held, and determined by the Supreme Court or final appellate court of the state and by the courts of original jurisdiction as the successors, respectively, of the territorial appellate courts and the courts of original jurisdiction of said territories.

These sections of the Enabling Act provide specifically for the disposition of all cases in the territorial courts, both of original and appellate jurisdiction, except those cases wherein judgment in the courts of original jurisdiction had been rendered and as to which the statutory time for taking an appeal had not expired.    We find no provision in the Enabling Act or in the Constitution that in express terms refers to this class of cases and preserves and continues the right of review of same; but section 18 of the Enabling act provides that the Supreme Court or other court of last resort

in the state shall be deemed the successor of the territorial appellate courts and "shall take and.possess any and all jurisdiction as such not herein otherwise specifically provided for, and shall receive and retain the custody of all books, documents, records, and files not transferred to other courts." This language is very general in its terms and broad in its scope. It cannot be argued that the purpose of this section is to amplify the provisions of section 17 as amended, by which jurisdiction is transferred upon this court as the successor of the territorial appellate courts to proceed with, hold, and determine all cases, proceedings, and matters pending in the territorial appellate courts at the time of the admission of the state that were not transferred to the federal courts under the provisions of section 16 as amended. The language of section 17, as amended, adequately confers jurisdiction of such cases upon this court, and there is no deficiency therein which requires to be supplemented by the provisions of section 18.

It appears that Congress recognized, after having provided in specific language for the determination and disposal of all cases pending in the territorial appellate courts, that contingencies might exist or arise not therein specifically provided for which would require that the jurisdiction and power theretofore exercised by the appellate courts of the territories should be exercised by some tribunal in order that injustice, confusion, or the loss of rights might not occur, and to accomplish such purpose it provided in the general terms of section 18 that *any* and *all* jurisdiction of the territorial appellate courts not otherwise specifically provided for in the act should be taken and possessed by the Supreme Court or court of last resort of the state. The intent of this section is not that the Supreme Court or court of last resort of the state shall take and possess jurisdiction of certain pending cases, or of cases in which appeals or writs of error may have been taken and sued out, but not yet perfected, but that it should take and possess any and all jurisdiction of said courts, except as otherwise limited by the provisions of the act. It was not unreasonable for Congress to anticipate that just such condition would arise as

this case presents, or that cases might arise, some of which are now pending on the docket of this court, in which steps toward perfecting the appeal or suing out a writ of error and lodging the case in the territorial appellate courts for review would have been taken when the admission of the state occurred, and yet not all of the steps done that the procedure in force in the respective territories required to be done in order to have the judgment complained of reviewed.

At the time of the dissolution of the United States Court of Appeals of the Indian Territory, jurisdiction was conferred upon it by law to review the judgment of the trial court in the case at bar on appeal taken to that court any time within six months after the entry of judgment. *Porter v. Brook,* 21 Okla. 885, 97 Pac. 645. Unless this jurisdiction had been preserved and transferred to some other tribunal, the same would have expired with that court, and plaintiff would have lost his right of appeal. In our opinion it was the intention of Congress, by the provisions of said section 18, to transfer this jurisdiction to the Supreme Court of the state and avoid the destruction of plaintiff's right of appeal and of the right of other persons similarly situated to have judgments against them reviewed on appeal or writ of error within the time then provided by statute. Without such provision or similar provision in the Enabling Act or Constitution, such right would have been lost in numerous cases without fault on the part of the parties injuriously affected.

The Supreme Court of the territory of Oklahoma, at the time of the admission of the state, had jurisdiction to review the final judgment of any district court in that territory in any action brought to that court by proceeding in error within one year after the rendition of judgment. Section 4748, Wilson's Rev. & Ann. St. 1903. Under said section 18 of the Enabling Act, declaring the Supreme Court of the state to be also the successor of the Supreme Court of the territory of Oklahoma, and that it should take and possess any and all the jurisdiction of that court not otherwise provided for, the Supreme Court of the state takes the jurisdiction there-

tofore possessed by the Supreme Court of the territory to review the Judgment of trial court of that territory from which proceedings in error had not been effected, but which might be perfected within the statutory period. The right of appeal, unless guaranteed by constitutional provision, is not such a right as may not be repealed by legislative enactment. *Ryan v. Waule,* 63 N. Y. 57; *Bailey v. Kincaid,* 57 Hun (N. Y.) 516, 11 N. Y. Supp. 294; *Leavenworth Coal Co. v. Barber et al.,* 47 Kan. 29, 27 Pac. 114; *Davison v. Brown,* 93 Wis. 85, 67 N. W. 42.

But we find no expression of legislative purpose to take away the right of appeal in any of the actions in the trial courts or in the appellate courts of the territories at the time of the admission of the state, in which at that time there was any vitality. If such rights have been abrogated, it resulted from the failure of Congress to provide in the Enabling Act and from the failure of the framers of the Constitution and of the people ratifying it to provide for the continuance of such rights. There is no reasonable doubt in our judgment that the intention of Congress, as gathered from all the provisions of the Enabling Act, was to preserve the status of all actions pending in the courts of the territories at the time of the admission of the state in which there was any vitality, and to enable those not transferred to the federal courts to be prosecuted to final determination in the courts of the state where final judgment had not already been rendered therein, and where final judgment had been rendered and unenforced, to provide that the courts of the state should enforce the same, and that in no case where the right of appeal existed should the parties to the action be deprived of such right by the dissolution of the territorial courts and by the transformation of the territorial governments into a state.

It might be suggested that Congress, having provided specifically for the disposition of pending appeals, intended that the rights of parties to actions, where judgment had been rendered, but no appeal had been taken, should be taken and the procedure therein determined by the statutes extended in force in the state;

but we do not think so.   The appellate system existing in the In-
dian Territory prior to the admission of the state and the pro-
cedure therein was entirely unlike the appellate system introduced
into the state under the laws in force in the territory of Oklahoma
extended in force by the Enabling Act.   The federal appellate
procedure was in force in the Indian Territory; and the modes
of review in that jurisdiction were by appeal in equity cases and
by writs of error in law cases; whereas, in the territory of Oklaho-
ma, the only mode of review in civil cases was by a proceeding in
error brought by filing in the appellate court a petition in error
with a case-made or a transcript of the record.   A case-made was
unknown to the appellate procedure existing in the Indian Terri-
tory.   It would therefore follow that all errors of the courts in
that territory for which appeal has been taken since statehood,
that could not be reviewed upon the record proper, could not be
reviewed at all, for, at the time of the trial of any such case and
the rendition of judgment therein, there was no method authorized
by the statutes in force in that territory under which a complain-
ing party could preserve by case-made the actions of the court of
which he desired to complain.   This inadequacy of the laws exten-
ded in force in this state to preserve the rights of parties to ac-
tions similar to the case at bar must be presumed to have been
known to Congress, for the system of appellate procedure in force
in the Indian Territory was under an act of Congress, and it was
by act of that body, as well as by provision of the Constitution of
the state, that the present system of appellate procedure was ex-
tended in force in that state.

To hold that Congress intended, by extending in force in the
state the statutes in force in the territory of Oklahoma governing
appeals, that the same should govern appeals in actions in which
judgment had been rendered in the courts of original jurisdiction
in the Indian Territory before the admission of the state, and that
the errors of the trial court in such cases that cannot be reviewed
upon the record proper must be presented by case-made, when, at
the time of the trial of such case, no provision of law existed au-

thorizing a case-made, would be to hold that Congress intended the provisions of the enabling act to be retrospective in their operation. Such construction would be in violation of the rule that statutes will not be construed to have a retroactive operation unless the language employed therein is so clear that it would admit of no other construction. Lewis' Sutherland, Statutory Constructions, par. 641, and authorities there cited. We think Congress intended, by section 18 of the Enabling Act, that this court should take just such jurisdiction of the case at bar as the United States Court of Appeals for the Indian Territory could have taken had it not been dissolved by the advent of statehood. That court could have reviewed the judgment of the trial court on appeal taken within six months from the entry of same. Plaintiff has filed no brief in this action, and we therefore have not been afforded any suggestions as to his theory of the case; but, in bringing this appeal, he has pursued the federal appellate procedure that was in force in the Indian Territory, and appears to have acted upon the theory that the law governing appeals in force in that territory should govern the appeal in this case, except as to the time within which it could be taken; but there is nothing in the Enabling Act or in the Constitution that indicates that it was the intention of the framers of those instruments that such cases as the case at bar should be governed in part by one procedure and in part by the other. The reasoning that would support the contention that the statutes of the territory of Oklahoma extended in force controls the time within which an appeal could be taken in this case would also support the conclusion that the entire procedure of said statutes should control in taking the appeal, and, if therefore we had concluded that the laws of the territory of Oklahoma extended in force in the state governed this appeal, we should still be compelled to dismiss the same for the reason that the same has been taken by a method which is unauthorized by that law.

It has been suggested by counsel for defendants that section 1 of the Schedule to the Constitution required that this appeal should be taken in conformity with the conclusion we have here

reached, in that said section provides that all existing rights and actions shall not be affected in any manner by the changes in the forms of government, but shall continue as if no change had taken place. Section 450, Bunn's Const. Okla. We find it unnecessary to determine whether the right of appeal from a judgment that had been rendered in an action before the admission of the state, from which no appeal had been taken, but as to which the statutory period for taking an appeal had not expired, is included in the term "existing rights," nor to determine whether the mandate of said section that existing actions shall not be affected, but shall continue as if no change in the forms of the government had taken place, requires that there should be no change in the procedure in such actions, for, under our view of this case, the Enabling Act, by section 18 thereof, fixes the status of plaintiff's rights, and the provisions of the Enabling Act were, by ordinance of the constitutional convention, acting in behalf of the people of the state, accepted.

For these reasons the motion to dismiss is sustained.

All the Justices concur.