## HILLIS v. ADDLE.

No. 2118.    Opinion Filed December 3, 1912.

(128 Pac. 702.)

COURTS—Mayor's Court—Appeal. The mayor's court of incorporated towns and cities of the Indian Territory was not continued in existence upon admission of the state into the Union; and an appeal attempted to be perfected from a judgment rendered in one of such courts before statehood by filing before the mayor of the town after the admission of the state an affidavit for appeal as prescribed by the statutes in force in the Indian Territory before the admission of the state was void, for the reason that the mayor was without jurisdiction or authority in the premises.

(Syllabus by the Court.)

*Error from District Court, Creek County;*
*W. L. Barnum, Judge.*

Action by J. M. Addle against J. M. Hillis. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*Wm. L. Cheatham,* for plaintiff in error.

*Thompson & Smith,* for defendant in error.

HAYES, J.   This action was begun in the mayor's court of the incorporated town of Bristow, Ind. T., on the 28th day of October, 1907, by defendant in error to recover from plaintiff in error a sum of money evidenced by a duebill.   The trial occurred in that court on the 15th day of November, 1907, just one day prior to statehood, and resulted in a judgment for plaintiff in error, defendant in the mayor's court.   On the 2d day of December following, subsequent to the admission of the state, defendant in error, plaintiff in the mayor's court, filed his affidavit for appeal with the mayor of the town of Bristow.   A transcript of the proceedings in the mayor's court was certified by the mayor, and the same was filed in the district court of Creek county after due notice of appeal as required by statute had been given.   At the trial in the district court plaintiff in error filed his motion to dismiss the appeal, because the court was without jurisdiction to entertain such appeal, the same not having been properly taken.   After the overruling of this motion to dismiss, the cause was tried, resulting in a judgment for defendant in error.

The only assignment of error that we need consider is the one which complains of the overruling of plaintiff in error's motion to dismiss.   Mayors of incorporated cities and towns of the Indian Territory had, in addition to their other powers, jurisdiction in all civil cases arising within the corporate limits of such incorporated cities and towns, concurrent with United States commissioners in the Indian Territory.   Section 57z4, Ind. Ter. Ann. St. 1899.   The United States commissioners for the Indian Territory were *ex-officio* justices of the peace, and in civil cases had the jurisdiction of justices of the peace of Arkansas, except in certain particulars, not necessary here to be noticed; and appeals from the final judgments of such commissioners, acting as justices of the peace, were taken in the manner provided for the taking of appeals from final judgments of justices of the peace under the provisions of chapter 91, Mansf. Dig. of Ark.

(chapter 41, Ind. Ter. Ann. St. 1899). By this statute, any person being aggrieved by any judgment rendered by a United States commissioner, except certain judgments not necessary to be mentioned, appeal could be taken by the applicant or some person for him by filing with the United States commissioner an affidavit that the appeal was not taken for the purpose of delay, but that justice might be done, and such appeal was required to be taken within 30 days after the judgment was rendered. Section 2815, Ind. Ter. Ann. St. 1899. Upon the admission of the state into the Union, the mayors' courts of the Indian Territory, or the jurisdiction of mayors of the Indian Territory in civil cases, was not continued in force in this state; and such courts ceased to exist. Section 1 of the Schedule to the Constitution provides that:

"No existing rights, actions, suits, proceedings, contracts, or claims shall be affected by the change in the forms of government, but all shall continue as if no change in the forms of government had taken place."

It has been held frequently by this court that the trial and disposition of all cases pending at the time of the admission of the state into the Union are governed by the procedure in force applicable to such cases prior to the admission of the state, and that an appeal taken after statehood from a judgment rendered in courts of the Indian Territory prior to the admission of the state is governed as to the mode of taking such appeal by the statute in force in the Indian Territory. *Moberly v. Roth et al.,* 23 Okla. 856, 102 Pac. 182; *Parks v. City of Ada,* 24 Okla. 168, 103 Pac. 607; *Edwards v. Jewell et al.,* 24 Okla. 172, 104 Pac. 335. In order for defendant in error to have perfected an appeal from the judgment rendered in the mayor's court, it was necessary for him to file with the court to which the cause was transferred upon the admission of the state into the Union his affidavit for appeal. The mayor, upon the admission of the state, was without any authority or jurisdiction in the premises; and an affidavit of appeal filed with him and a certified transcript prepared by him for the purpose of appeal were nullities.

We do not here undertake to determine to what court upon the admission of the state the civil causes pending in the mayors'

courts of the Indian Territory were transferred by reason of the provisions of the Enabling Act and the Schedule to the Constitution; for, whether such causes went to the district courts of the state, to the county courts, or to the justices of the peace courts, the appeal in this case in no event can be sustained, for the reason that the proceedings to perfect the appeal were taken in none of these courts.

The judgment of the trial court is reversed and the cause remanded, with directions to dismiss defendant in error's appeal.

TURNER, C. J., and WILLIAMS and DUNN, JJ., concur; KANE, J., not participating.