## EDWARD H. WILSON v. HENRY KRYGER.

(143 N. W. 764.)

**Appeal — statement of errors — notice — specifications — not prerequisite.**

1. Section 4, chap. 131, Laws 1913, requiring the service, with the notice of appeal, of a statement of the errors of law complained of and a specification of

insufficiency of the evidence, when such insufficiency is relied on, is construed, and *held* not to be a jurisdictional prerequisite to such appeal.

**Motion to dismiss appeal — specifications — time of service — enlargement of time.**

2. Upon respondent's motion to dismiss an appeal on the ground of appellant's failure to serve the statement and specifications with his notice of appeal as required by § 4, chap. 131, Laws 1913, the court will, upon good cause shown and in furtherance of justice, enlarge the time for the service thereof pursuant to the provisions of § 7224, Rev. Codes 1905, following the rule announced in Burger v. Sinclair, 24 N. D. 315, 140 N. W. 233, and also pursuant to the express provisions of § 7 of such new practice act.

**Appeal — dismissal — delay in settling statement — not ground.**

3. Mere delay in settling a statement of the case or in taking an appeal, where such appeal was taken within the statutory period allowed therefor, constitutes no ground for a dismissal of the appeal.

**Appeal — time of — limitation — new statutes — application of — rule.**

4. An amendatory act shortening the time for appeals from one year to six months will not, in the absence of express provisions to the contrary, apply to judgments rendered prior to the taking effect of the new act, further than to limit the right of appeal to not more than six months after the taking effect of such new act in such cases as still had a right of appeal under the old law.

Applying such a rule of construction, § 14, chap. 131, Laws 1913, is held to apply only to those judgments entered, or notice of entry of which was served, less than six months prior to July 1, 1913. From such judgments appeals must be taken within six months after the taking effect of the new act—July 1, 1913; as to all other judgments the old statute governs.

Opinion filed October 7, 1913.

Motion to dismiss an appeal from a judgment of the District Court, Kidder County; Winchester, J.

Motion denied.

*Jesse Van Valkenberg* and *R. L. Phelps,* Steele, North Dakota, for the motion.

*Henry Kryger,* Minneapolis, Minnesota, and *Newton, Dullam, & Young,* Bismarck, North Dakota, of counsel, *contra.*

Fisk, J.   Respondent moves for a dismissal of this appeal upon the following grounds:

"1st. That no statement of the errors of law complained of or specifi-

cation of insufficient evidence was served with the notice of appeal as required by paragraph 4, chapter 131, Session Laws of 1913.

"2d. There has been inexcusable delay on the part of appellant in causing a statement of the case to be settled, and in taking said appeal, more than two terms of this court having passed since the entry of judgment in the district court on July 9, 1912, and no statement having been proposed or submitted.

"3d. The said appeal was not taken within the time as required by statute."

Appellant resists such motion, and as to the first ground he makes a counter motion for leave at this time to supply the omission to serve the required statement of errors and specifications as required by § 4, chapter 131, Laws of 1913, being the new practice act which took effect on July 1st. Counsel for appellant bases such application upon § 7224, Rev. Codes 1905, which provides: "When a party shall in good faith give notice of appeal, and shall omit, through mistake or accident, to do any other act necessary to perfect the appeal to make it effectual or to stay proceedings, the court from which the appeal is taken, or the presiding judge thereof or the supreme court, or any one of the justices thereof, may permit an amendment or the proper act to be done on such terms as may be just."

We are satisfied of appellant's good faith in serving the notice of appeal, and that the omission to serve such statement of errors and specifications was purely an oversight due to the fact that the provision of the new statute aforesaid was overlooked, the notice of appeal having been served but a few days after the taking effect of the new statute.

The court clearly has the power and should permit such omissions to be supplied, unless the provisions of § 4, chapter 131, supra, are construed as mandatory and a compliance therewith jurisdictional. The section reads: "A party desiring to make a motion for new trial, or to appeal from a judgment or other determination of a district court or county court with increased jurisdiction, shall serve with the notice of motion or notice of appeal a concise statement of the errors of law he complains of; and if he claims the evidence is insufficient to support the verdict, or that the evidence is of that character that the verdict should be set aside as a matter of discretion, he shall so specify."

If a compliance with such statute is essential to confer jurisdiction

upon this court sufficient to enable it to permit amendments or other necessary acts to be done in order to make the appeal effectual, then it follows that respondent's motion should be granted, otherwise it should be denied, provided such amendment or other necessary act is made or taken by leave of court. The new practice act aforesaid does not purport to amend or change the existing statute prescribing the steps necessary to be taken to perfect an appeal, and we do not think a fair construction of § 4 of such new act evinces any legislative intent to require such statement of errors and specifications as a prerequisite to this court acquiring jurisdiction of the appeal, to the extent at least of authorizing it to permit amendments or other necessary acts to be done to make the appeal effectual. The statute is, no doubt, mandatory in the sense that this court, without such statement of errors and specifications (when necessary), will be unable to dispose of the appeal on the merits; but we are agreed that the service of the notice of appeal and undertaking for costs pursuant to §§ 7205 and 7208, Rev. Codes 1905, confers jurisdiction sufficient to authorize the court to permit appellants to supply the omissions above referred to. The recent case of Burger v. Sinclair, 24 N. D. 315, 140 N. W. 233, is authority for our conclusions as above announced.

A still more conclusive answer to respondent's contention in support of the first ground of the motion is found in § 7 of the new act. This section provides: "The court or judge may, upon good cause shown, in furtherance of justice, extend the time within which any of the acts mentioned in §§ 1–5 and 6 of this act, may be done, or may, after the time limited therefor has expired, fix another time within which any of such acts may be done." As the only act required to be done by § 4 is the service of such statement of errors of law and specification of the insufficiency of the evidence, it necessarily follows that the legislature, by the enactment of § 7, clearly evinced an intent not to make the service of such statement and specifications with the notice of appeal, a jurisdictional prerequisite.

Leave is hereby granted the appellant to supply such omissions within thirty days from the date of the filing of this opinion. Should he fail so to do, the appeal may be dismissed upon proper showing of such neglect.

The second ground of the motion is manifestly untenable, conceding

that appellant had the full period of one year in which to appeal from the date of notice of the entry of the judgment, which we will hereafter consider. It is no ground for moving to dismiss the appeal because not taken earlier, and it is perfectly plain that a delay or even an entire failure to cause a statement of the case to be settled, is no ground for such a motion, as the appellant may desire merely to have a review of errors appearing upon the judgment roll proper.

The third ground of motion presents a more complex question. The new practice act which took effect on July 1st reduces the time in which appeals may be taken from judgments from one year to six months after the entry thereof by default, or after written notice of the entry thereof, where there was an appearance in the action. Section 14, chapter 131, supra. Such new act is general, and applies to appeals from all judgments, whether entered before or after it became effective; and as we understand respondent's contention it is that such statute, relating as it does merely to the remedy, should be given not only a prospective but a retrospective operation, and as thus construed it operated eo instanti to cut off appellant's right of appeal from the judgment in question on July 1st. We cannot, however, agree with the conclusion thus drawn by respondent's counsel. While the act deals only with the remedy, and on its face applies to all judgments, whether rendered before or after its enactment, we think it is entirely clear that the legislature did not intend to give it a retroactive operation so as to cut off a right of appeal which existed at the time it took effect. While manifestly the legislative purpose was to shorten the time for appeal to six months as to all judgments, it no doubt intended to have such period computed from the date the new act should take effect, and where, under the old statute, more than six months would be left in which to take an appeal from an existing judgment, the new act would cut off the right of appeal at the expiration of six months from July 1st. But in cases of existing judgments where, on July 1st, a period of but six months or less remained in which to take an appeal under the old statute, the new act does not apply and the time prescribed under the old act governs. In other words, the new act will not be given an interpretation which would result in thwarting the legislative will which was to shorten—not lengthen—the time for prosecuting appeals.

In order to give effect to the evident legislative intent, we are re-

26 N. D.—6.

quired to hold that the new act applies only to those judgments the time for appealing from which, under the old statute, would extend more than six months after the taking effect of the new statute. In other words, the new statute is prospective in its operation, but applies to all judgments whether entered prior or subsequent to July 1st, which, but for such act, the period in which appeals might have been prosecuted therefrom would exceed six months from such date. As to other judgments, the period for appealing is governed by the old statute, and the new does not apply, for otherwise the new act would have the effect of enlarging rather than shortening the period for appealing therefrom, or else it would cut off all right to appeal on the date of the taking effect of such act, neither of which results was intended. The question is somewhat analogous to that presented by statutes shortening the limitation of time in which actions may be commenced after the cause of action accrues. Such statutes are generally held to apply to causes of action existing at the time of their taking effect, provided the new act affords a reasonable time after it takes effect in which suits may be commenced thereon. If a reasonable time is not thus afforded, the new act, for reasons which are palpably sound, is held not to apply to such causes of action. Merchants' Nat. Bank v. Braithwaite, 7 N. D. 358, 66 Am. St. Rep. 653, 75 N. W. 244; Osborne v. Lindstrom, 9 N. D. 1, 46 L.R.A. 715, 81 Am. St. Rep. 516, 81 N. W. 72; State Finance Co. v. Mather, 15 N. D. 386, 109 N. W. 350, 11 Ann. Cas. 1112; Adams & F. Co. v. Kenoyer, 17 N. D. 302, 16 L.R.A.(N.S.) 681, 116 N. W. 98.

Of course, there is a marked distinction which should be noted between causes of action and the privilege of appealing. The former is a property right which is protected by the Constitution from confiscation, while the latter is a mere privilege which may be taken away at any time by the legislature. The question here is one of legislative intent rather than of legislative power. Did the legislature intend, by the act in question, to cut off the privilege of appeals from certain existing judgments, or did it intend by such new act to enlarge the period previously allowed for appealing therefrom? Clearly, neither result was intended. There is no sound reason why such new statute may not be held to apply to certain judgments existing on July 1st, and not to all. Manifestly, it should be held to apply to those judgments

where otherwise an appeal might be taken after six months have elapsed from July 1st; and it is equally manifest that it should not apply to any other existing judgments, because it fixes no time applicable to them. As before stated, the six months' period, which is the only time fixed in such act, if given a retroactive operation as to the latter class of judgments, would cut off all right of appeal on July 1st, and when given a prospective operation only it would enlarge the time for appealing therefrom.

This identical question has frequently been before the courts, and there is some conflict in the holdings. We will notice only a few of such decisions.

Beebe v. Birkett, 108 Mich. 234, 65 N. W. 970, involved a statute extending the time for settling cases in chancery. It was there held that, as the new statute dealt with procedure only, it applied to both pending and future cases. The court there, among other things, said: "The new act does not in express terms repeal the old, but it seems to cover the same ground as the old, with the exception mentioned. In our opinion, it was intended to supplant the other; and the only question here is whether it extends to pending cases, or whether they shall be governed by the former practice. It is certain that this act of 1895 should not be given retroactive effect, if vested rights were to be thereby affected; but a particular remedy is not necessarily a vested right. . . . It is a general rule that an act dealing with procedure, only, applies, unless the contrary intention is expressed, to all actions falling within its terms, whether commenced before or after the enactment. . . . An act giving appeals from certain enumerated judgments and orders applies to such judgments and orders made prior to its passage." Citing numerous cases.

In Odum v. Garner, 86 Tex. 374, 25 S. W. 18, this precise question was involved, and the court treats the question as analogous to cases involving statutes shortening the limitation period for the commencement of actions, and adheres to a rule announced in Gautier v. Franklin, 1 Tex. 732, holding that "upon the substitution of a new term of limitation the time which elapsed under the former law will be counted in the ratio that it bears to the whole period, and the time of the new law will be computed upon the basis of the ratio that the unexpired time under the old law bears to the whole time. That is, that if under

the old law two thirds of the time had expired, then one third of [the time prescribed under] the new law would be allowed in which to sue." No other court seems to have adopted such a rule, and it seems to us that the holding is unsound, and constitutes judicial legislation, rather than judicial construction.

In Ryan v. Waule, 63 N. Y. 57, it was held that a statute passed after an entry of a judgment, but before an appeal therefrom was taken, limiting appeals to cases involving an amount exclusive of interest less than $500, applied to such former judgment, the court saying: "The fact that this cause was pending, or the recovery had before the enactment of the law of 1874, does not take the case out of the operation of the statute. The right of appeal is not a vested right, but is one of the remedies at all times within the discretion of the legislature, and to be dealt with as that body shall deem wise. Retroactive effect is not given to the act in applying it to all appeals brought after it became a law. It did not affect appeals already brought; but was only operative as to future appeals, and the fact that it may have taken away the right to appeal in some cases in which it existed before does not render it any the less an act prospective in its operation."

The Constitution of Arkansas guarantees the right of appeal, and in Rankin v. Schofield, 70 Ark. 83, 66 S. W. 197, it was held that a statute shortening the time for appeal is unconstitutional in so far as it cuts off at once the right to appeal from judgments previously entered, following the prior decision of O'Bannon v. Ragan, 30 Ark. 181. The latter case presents a state of facts quite parallel to those in the case at bar, and the court held the new statute inoperative as to existing judgments, where, under the new statute, the remedy by appeal would be cut off entirely.

This precise question arose in California, and was decided in Pignaz v. Burnett, 119 Cal. 157, 51 Pac. 48, and we quote from the opinion as follows:

"At the time the judgment was entered, an appeal could be taken from a final judgment at any time within one year after its entry. March 3, 1897, § 939 of the Code of Civil Procedure was so amended as to give only six months after the entry of judgment within which an appeal can be taken. At the time of the amendment, the period of six months had already elapsed since the entry of the judgment; there

remained, however, five months of the time allowed for taking an appeal under the Code before the amendment. The act took effect sixty days after its passage, at which time nine months had elapsed since the entry of judgment. The appeal was taken after that time, but within the period of twelve months from the entry of judgment.

"If the amendment operated retrospectively, it cut off the right of appeal immediately upon the taking effect of the act, affording no opportunity whatever thereafter for the exercise of this privilege, and depriving this court, so far as the legislature can, of its jurisdiction in the cases upon which it would so operate.

"To make this statute applicable to judgments entered before it went into effect is to give it a retroactive effect. But it is no objection to the validity of a statute to say that it is retrospective in its operation. The question is, Is the amendment an *ex post facto* law, or does it impair the obligation of contracts? and also, perhaps, whether it deprives anyone of vested rights. If it does none of these things, it is no objection to it that it applies to pending cases or past transactions.

. . .

"It is quite obvious that great hardship is likely to result if a retroactive effect is given to this statute. One may be presumed to know the laws of the land, but the very instant this amendment took effect, if it be retroactive, the right of appeal was cut off at once. No time whatever was given to appeal in those cases in which judgments had been entered six months or more previously. Unless it is absolutely necessary, we should not impute such an intention to the legislature. In view of the construction which has almost invariably been given to statutes of this character, I feel sure that the legislature intended that its operation should be limited to judgments thereafter entered."

Bailey v. Kincaid, 57 Hun, 516, 11 N. Y. Supp. 294, is authority for holding the new statute to apply to cut off appeals from prior judgments after the expiration of the new period prescribed. The syllabus is as follows:

"Where, subsequent to the time that the right to appeal from a judgment accrued, and before the expiration of the time limited for such appeal, § 1341 of the Code of Civil Procedure was amended by striking out sixty days and inserting thirty days, and thereafter the notice of appeal was served more than thirty days from the time that

the right to appeal accrued, but less than sixty days thereafter, and also more than thirty days after the date at which the amendment took effect, the service of the notice is too late."

The Washington court in the recent case of Rogers v. Trumbull, 32 Wash. 211, 73 Pac. 381, announced a rule in harmony with our views as above expressed. The reasoning and conclusion of the court meets with our full approval, as we think it announces a sound rule of construction consistent with the evident intent of the legislature in enacting the new statute. At the time the judgment appealed from in that case was rendered, § 1757 of their Code gave the appellant six months within which to take his appeal, which it was held would expire on March 9, 1903, on which date the appeal was taken. On that day an act took effect amending the prior statute limiting the time for appeal to thirty days after the rendition of the judgment. The appeal was taken after the new act took effect, and it was contended that the amendatory act was retrospective, and since more than thirty days had elapsed after the judgment was rendered, the appeal was too late. After quoting from Sutherland on Statutory Construction, § 482, the court briefly sums up its conclusions in the following language: "There is no indication in the act of 1903 that it applied to judgments rendered prior to the time the act took effect, so that judgments rendered more than thirty days prior thereto were barred of the right of appeal. It, therefore, under the rule above announced, applied only to judgments rendered subsequently, *or to those where the right of appeal under the old law extended more than thirty days from the time the act took effect.*"

We conclude that the motion of respondents is untenable, and the same is accordingly denied.