William A. HIGGINS, Milton K. Higgins, and Morton County, a Public Corporation, Plaintiffs and Appellants,

v.

William R. MILLS et al., Defendants and Respondents.

Civ. No. 8683.

Supreme Court of North Dakota.

Dec. 4, 1970.

William R. Mills, Bismarck, for defendants and respondents.

Higgins & Higgins, Bismarck, for plaintiffs and appellants.

ERICKSTAD, Judge.

The plaintiffs brought an action in 1966 under Chapter 32–17, N.D.C.C., to determine adverse claims to real property. The defendants moved for a dismissal of the action on the grounds that the district court of Morton County had no jurisdiction of the subject matter, contending that the land in question was situated in Burleigh County. After due hearing thereon, the district court of Morton County concluded that the land, title to which was in dispute, was in Burleigh County, and therefore the district court of Morton County had no jurisdiction. It did so after determining that

Section 28–04–01, N.D.C.C., required that this action be brought in the county in which the land was situated and that this was jurisdictional. Accordingly, the district court of Morton County dismissed the action as of October 17, 1968. Notice of entry of the order of dismissal and retaxation of costs was served upon the plaintiffs by mail on October 23, 1968.

A judgment dated May 21, 1969, filed in the office of the clerk of the district court of Morton County on May 29, 1969, notice of the entry of which was served upon the plaintiffs on May 28, 1969, by mail, is in three parts. The first part determines that the land described in the complaint is located in Burleigh County. The second part determines that the district court of Morton County has no jurisdiction of the subject matter. The third part reads:

"That the Complaint is dismissed and the participating defendants shall have and recover their costs and disbursements to be taxed and allowed by the Clerk of this Court."

The plaintiffs asserted during oral argument on the motion for dismissal of the appeal in our court that because the judgment stated that it was being rendered on motion of Richard P. Rausch, counsel for one of the answering defendants, when there were numerous other defendants and other counsel affected, the plaintiffs deemed it essential to have another identical judgment executed and entered by the clerk of court on their own motion. The latter judgment, for which no new order was obtained from the district court, is dated November 21, 1969. Service of the notice of the entry of the latter judgment was made by mail upon the defendants on November 27, 1969.

In an attempt to appeal to this court, the plaintiffs filed and served upon the defendants as of November 28, 1969, a notice of appeal, the pertinent part of which reads:

"PLEASE TAKE NOTICE that the above named plaintiffs hereby appeal to the Supreme Court of the State of North Dakota from the judgment entered in the

above entitled action on the 21st day of May, 1969, on behalf of the defendant Arthur R. Tavis, and from the judgment entered in the above entitled action in favor of all the other defendants above named on November 24, 1969, for dismissal of the said action, and from the whole of each of the said judgments."

The plaintiffs conceded in oral argument before this court that they did not gain any additional time within which to appeal by securing the second judgment. They, however, assert that the judgment of May 21, 1969, is defective because it does not contain findings of fact or conclusions of law, required under the provisions of Rule 52 (a) of the North Dakota Rules of Civil Procedure.

The plaintiffs' return to the motion for a dismissal of the action reads:

"The moving parties are in error in stating in the final paragraph of the first page of the statement entitled 'FACTS' saying that the plaintiffs had any intent to extend the time for appeal by the entry of the judgment of November 24, 1969. The counsel well knows that the entry of a second judgment would not extend the time for appeal. Apparently what happened was that it was overlooked that the judgment of May 21st 1969, was made not only on behalf of Rausch & Chapman, on behalf of their clients, but also was executed by Mr. Mills on behalf of his.

"The only question then properly raised by this motion, it being clear that this counsel overlooked the reduction of time for appeal from six months to ninety days made by Chapter 299 S.L.1969, and the time for appeal therefore elapsed not at the end of October as stated in the said paragraph, but at the end of August, if the judgment made and entered May 21, 1969, was valid [is whether the judgment is valid].

"However, there is in Defendants' Notice of Entry of Judgment no reference to Findings of Fact, or Conclusions of Law and this, of course, is fatal under the provisions of Rule 52(a).

"A Judgment without findings is not a legal judgment from which an appeal can be taken. Minot vs Minot Highway Center (N.D.) 120 NW2d, 397 [597]."

Since the 1969 amendment, Section 28–27–04, N.D.C.C., reads:

"*Time for appeal.*—An appeal from a judgment may be taken within ninety days after the entry thereof by default or after written notice of the entry thereof, in case the party against whom it is entered has appeared in the action, and from an order within sixty days after written notice of the same shall have been given to the party appealing."

In discussing the effect of Section 14 of Chapter 131 of the North Dakota Session Laws of 1913, which reduced the time within which an appeal could be taken from a judgment, this court said:

"* * * The new Practice Act, which took effect on July 1st, reduces the time in which appeals may be taken from judgments from one year to six months after the entry thereof by default, or after written notice of the entry thereof where there was an appearance in the action. Section 14, chapter 131. Such new act is general, and applies to appeals from all judgments whether entered before or after it became effective; and, as we understand respondent's contention, it is that such statute, relating as it does merely to the remedy, should be given not only a prospective but a retrospective operation, and as thus construed, it operated eo instanti to cut off appellant's right of appeal from the judgment in question on July 1st. We cannot, however, agree with the conclusion thus drawn by respondent's counsel. While the act deals only with the remedy and on its face applies to all judgments, whether rendered before or after its

enactment, we think it is entirely clear that the Legislature did not intend to give it a retroactive operation so as to cut off a right of appeal which existed at the time it took effect. While manifestly the legislative purpose was to shorten the time for appeal to six months as to all judgments, it no doubt intended to have such period computed from the date the new act should take effect, and where, under the old statute, more than six months would be left in which to take an appeal from an existing judgment, the new act would cut off the right of appeal at the expiration of six months from July 1st. * * *"

Wilson v. Kryger, 26 N.D. 77, 143 N.W. 764 (1913).

Syllabus No. 4 in *Wilson* reads:

"An amendatory act, shortening the time for appeals from one year to six months, will not, in the absence of express provisions to the contrary, apply to judgments rendered prior to the taking effect of the new act further than to limit the right of appeal to not more than six months after the taking effect of such new act in such cases as still had a right of appeal under the old law.

"Applying such rule of construction, section 14, c. 131, Laws 1913, is held to apply only to those judgments entered, or notice of entry of which was served, less than six months prior to July 1, 1913. From such judgments appeals must be taken within six months after the taking effect of the new act, July 1, 1913; as to all other judgments the old statute governs."

Section 28–27–05 provides for the manner in which an appeal from a judgment of a district court must be taken.

"*28–27–05. How appeal taken.*—An appeal must be taken by serving a notice in writing signed by the appellant or his attorney on the adverse party and filing the same in the office of the clerk of the court in which the judgment or order appealed from is entered, stating the appeal from the same, and whether the appeal is from the whole or a part thereof, and if from a part only, specifying the part appealed from. The appeal shall be deemed taken by the service of a notice of the appeal and perfected on service of the undertaking for costs, or the deposit of money instead, or the waiver thereof as in this chapter prescribed. When service of a notice of appeal and undertaking cannot in any case be made within this state, the court may prescribe a mode for serving the same." North Dakota Century Code.

Applying the rule in *Wilson*, unless the plaintiffs are correct in their contention that the judgment is defective under Rule 52(a), they have lost their right to appeal by not taking an appeal from that judgment within ninety days of July 1, 1969, the effective date of the amendment, service of the notice of the entry of the May 21, 1969, judgment having been made upon them prior to July 1, 1969.

The judgment roll in this case contains a twenty-one-page memorandum decision of the district court, in which the court determined the facts and the law relative to the motion for dismissal of this action. We conclude, therefore, that Rule 52(a) of the North Dakota Rules of Civil Procedure has been complied with.

Said Rule reads:

"*(a) Effect.* In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment; and in granting or refusing temporary injunctions the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action. Requests for findings are not necessary for purposes of review. The findings of a master, to the extent that the court adopts them, shall be considered

as the findings of the court. *If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein.* Findings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion except as provided in Rule 41(b)." [Emphasis added.]

Since the memorandum decision, or as the Rule describes it, the memorandum of decision, clearly contains findings of fact and conclusions of law, it was not necessary that such findings of fact and conclusions of law be set forth in the judgment to comply with Rule 52(a) of the North Dakota Rules of Civil Procedure.

The motion for a dismissal of the plaintiffs' appeal is therefore granted.

TEIGEN, C. J., and PAULSON, KNUDSON and STRUTZ, JJ., concur.