**REUB'S MINOT CAMERA, INC., Plaintiff and Appellee,**

v.

**GENERAL ELECTRIC CREDIT CORPORATION, Defendant, Third-Party Plaintiff and Appellant,**

v.

**Reuben FORSBERG and Fred Forsberg, Third-Party Defendants and Respondents.**

**Civil No. 8881.**

Supreme Court of North Dakota.

· July 12, 1973.

**636**

Vogel, Bair & Brown, Mandan, and Farhart, Rasmuson & Olson, Minot, for defendant, third-party plaintiff and appellant.

Pringle & Herigstad, Minot, for plaintiff and appellee, Reub's Minot Camera, Inc. and third-party defendants and respondents, Reuben Forsberg and Fred Forsberg.

PAULSON, Judge.

This is an appeal from an order of the district court of Ward County denying a motion under Rule 60(b)(1) and (b)(6) of the North Dakota Rules of Civil Procedure to vacate a judgment and order denying a motion for new trial and in the alternative for judgment notwithstanding the verdict, and reenter such judgment and order as of the date of the hearing on the motion to vacate and set aside such judgment and order. This is the second time this case is before us, our first decision appearing at 201 N.W.2d 877 (N.D.1972). Additional counsel, that is, Vogel, Bair & Brown, participated only on the appeal in the case at bar.

The undisputed facts are that Reub's Minot Camera, Incorporated [hereinafter Reub's] sued General Electric Credit Corporation [hereinafter GECC] for money due Reub's on the sale of retail installment contracts. On February 18, 1972, judgment was entered on the jury verdict in favor of Reub's, and on March 6, 1972, GECC's alternative motion for a new trial or judgment notwithstanding the verdict was denied. On April 18, 1972, the notice of appeal to the Supreme Court was filed with the Ward County District Court. The affidavit of service by mailing of the notice of appeal was not filed at that time with the district court. As a result, the Supreme Court, on October 31, 1972, dismissed the appeal for want of jurisdiction because the record certified to this court did not contain the proof of service of the notice of appeal. Thereafter, the affidavit of service by mailing of the notice of appeal was filed with the district court on November 20, 1972.

The disputed fact is whether the notice of appeal was ever served on Reub's or its counsel. Counsel for GECC, by affidavit, states that the notice of appeal was served but that it was only through inadvertence that the affidavit of service by mailing of the notice of appeal was not filed with the district court.

The legal secretary for counsel for GECC, by affidavit, states that she mailed the notice of appeal as well as the proof of service of the notice of appeal to Reub's counsel. This averment is based on office practice and procedure followed in the office of GECC's counsel, namely, that a certain number of copies of a notice of appeal and an affidavit of service by mailing are made and that, judging from the number of copies remaining in the office file, one copy of each of these documents must have been forwarded to Reub's counsel.

However, Reub's counsel, by an affidavit executed by him, denies that the notice of appeal was ever served upon him within the time prescribed for appeal.

After a hearing on the motion to vacate was held on December 11, 1972, the district court issued its memorandum decision dated December 15, 1972, in which it found that no notice of appeal was ever served upon Reub's or its counsel and that no proof of service of the notice of appeal was timely filed. The district court also found that GECC had not shown unique circumstances sufficient to warrant vacating the judgment and order in the interest of justice and, further, that to grant the motion would improperly enlarge the time prescribed for appeal. The district court accordingly denied the motion.

In this appeal, GECC charges as error the district court's failure to grant the requested motion, because, according to GECC, the evidence showed the notice of appeal was served within the time prescribed for appeal and because GECC believes that there are exceptional and compelling circumstances which require the granting of the motion in the interest of justice.

In the instant case we shall apply the appellate procedure as it existed prior to March 1, 1973, which is the effective date of the new North Dakota Rules of Appellate Procedure. The clerk of the district court, under these new rules, has the duty of serving the notice of appeal. Rule 3(d), N.D.R.App.P. Since these new rules were not effective at the time the notice of appeal had to be filed in the instant case, it would not be feasible to make them applicable to the case at bar. As is stated in Rule 49(a), N.D.R.App.P.:

> *"(a) Effective Date and Application.* These rules shall take effect on March 1, 1973. They shall govern all proceedings and actions brought after they take effect, and all further proceedings in actions then pending, except to the extent that, in the opinion of the supreme court, their application in a particular action pending when the rules take effect would not be feasible, or would work an injustice, in which event the previous procedure shall apply."

Therefore, the applicable statute in this case is § 28–27–05 of the North Dakota Century Code, which reads as follows:

> *"How appeal taken.* An appeal must be taken by *serving* a notice in writing signed by the appellant or his attorney on the adverse party and *filing* the same in the office of the clerk of the court in which the judgment or order appealed from is entered, stating the appeal from the same, and whether the appeal is from the whole or a part thereof, and if from a part only, specifying the part appealed from. The appeal shall be deemed taken by the service of a notice of the appeal and perfected on service of the undertaking for costs, or the deposit of money instead, or the waiver thereof as in this chapter prescribed. When service of a notice of appeal and undertaking cannot in any case be made within this state, the court may prescribe a mode for serving the same." [Emphasis added.]

As previously stated in this opinion, the district court denied the motion to vacate the judgment and order and refused to grant to the defendant-appellant the relief requested in its motion.

Rule 52(a) of the North Dakota Rules of Civil Procedure reads as follows:

*"(a) Effect.* In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment; and in granting or refusing temporary injunctions the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action. Requests for findings are not necessary for purposes of review. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. The findings of a master, to the extent that the court adopts them, shall be considered as the findings of the court. If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein. Findings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion except as provided in Rule 41(b)."

■ The motion before us is a proceeding in an action tried upon the facts, since the district court had to determine whether the notice of appeal was ever served upon Reub's and whether there were any exceptional or compelling circumstances that required vacating the judgment and order, under Rule 60(b)(1) and (b)(6), N.D.R. Civ.P., in the interest of justice. These were both factual determinations. We therefore believe that the "clearly erroneous" rule is applicable in this case. See *Assman v. Fleming,* 159 F.2d 332 (8th Cir. 1947), which was an appeal from an order denying a motion to vacate a consent judgment under Rule 60(b) of the Federal Rules of Civil Procedure. In *Assman, supra* 159 F.2d at 337, the "clearly erroneous" rule was set forth in support of that decision.

■ Though findings of fact may not be required for decisions on motions, they are recommended. In Wright & Miller, Federal Practice and Procedure: Civil § 2575, at page 694, we find this language:

"Indeed, regardless of what the rule in terms requires, whenever decision of a matter requires the court to resolve conflicting versions of the facts, findings are desirable and ought to be made."

■ Our Rule 52(a), N.D.R.Civ.P., permits the findings of a district court to appear in a memorandum decision, as they do in the instant case. In addition, in Higgins v. Mills, 181 N.W.2d 726 (N.D.1970), this court held, in paragraph 2 of the syllabus:

"When the memorandum decision, or as the Rule describes it, the memorandum of decision, granting a motion for the dismissal of the plaintiffs' action contained findings of fact and conclusions of law upon which the district court's decision was based, it was not necessary that such findings of fact and conclusions of law be set forth in the judgment to comply with Rule 52(a) of the North Dakota Rules of Civil Procedure."

■ *Applying Rule 52(a), N.D.R.Civ.P.,* to the instant case, we find nothing clearly erroneous in the district court's decision and findings therein. The district court had affidavits from the opposing parties and heard arguments from them on the issue of the Rule 60(b) motion to vacate and reenter the judgment and order. The decision made by the district court did not constitute an abuse of discretion and, after considering the evidence with which such court dealt, we will therefore not substitute our judgment for that of the district court. See Brennan v. Midwestern United Life Insurance Company, 450 F.2d 999 (7th Cir. 1971).

Lest it be argued that this case is not determinable under Rule 52(a), we do not believe that GECC would be in any better position under Rule 60(b)(1) and (b)(6), which reads as follows:

"Rule 60

"(a) . . .

"(b) Mistakes—Inadvertence—Excusable neglect—Newly discovered evidence—Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order in any action or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment. . . ."

We have already determined that Rule 60(b)(1) is not applicable in this case because of our holding with reference to Rule 52(a).

In its brief and during oral argument, GECC frequently mentioned exceptional and compelling circumstances as additional bases for vacating a judgment under Rule 60(b)(6). However, GECC failed to recite in its affidavits any exceptional or compelling circumstances, nor did it recite any such circumstances during the hearing on its motion, which would require vacating the judgment and order in the interest of justice. Therefore the argument presented under Rule 60(b)(6) is not persuasive.

Convinced, as we are, that the district court did not abuse its discretion in entering the order appealed from, the order is affirmed.

ERICKSTAD, C. J., and TEIGEN and KNUDSON, JJ., concur.

VOGEL, J., not being a member of this court at the time of submission of this case, did not participate.