**Kenneth D. FITZGERALD and Gladys A. Fitzgerald, husband and wife, Plaintiffs and Appellees,**

v.

**Quentin J. BALKOWITSCH and Sharon Balkowitsch, Defendants and Appellants.**

**Civ. No. 9702.**

Supreme Court of North Dakota.

Feb. 14, 1980.

Ralph A. Vinje, Bismarck, for defendants and appellants.

Lundberg, Conmy, Nodland, Rosenberg, Lucas & Schulz, Bismarck, for plaintiffs and appellees; argued by Patrick A. Conmy, Bismarck.

PAULSON, Justice.

This is an appeal from a judgment of the Burleigh County District Court awarding damages of $1,900.00 plus interest to Kenneth and Gladys Fitzgerald. The defendants, Quentin and Sharon Balkowitsch, brought this appeal to challenge the finding of the district court that the Balkowitsches had suppressed the fact that the sewage system in the house which they sold to the Fitzgeralds was defective. We affirm.

In May of 1978 the Fitzgeralds bought a house in Four K's Estates, a subdivision near Bismarck, for $69,000.00 from the Balkowitsches. The Balkowitsches had purchased the house a year earlier in May of 1977 and had lived in the house for about one year. According to the testimony of the Balkowitsches, they had never had any problems with the sewer system during the time they lived in the house. Their testimony also revealed that they were extremely conservative in the use of the sewer system. They testified that they never used the dishwasher or garbage disposal; that they used the same bath water more than once; and that they flushed the toilets only when absolutely necessary.

The Fitzgeralds, when negotiating to buy the house from the Balkowitsches, were extremely concerned with the adequacy of the sewage system. They had been warned of the likelihood of sewage difficulties that accompanied rural living and they made specific inquiries on that point of the Bal-

kowitsches. Quentin Balkowitsch's response to these inquiries was that he had never had sewer problems with the house.

The record reveals that at the time the Fitzgeralds bought the house, many other people in the subdivision were having difficulties with their sewage systems. The very first weekend that the Fitzgeralds lived in the house, they encountered difficulties with water backing up in the shower and inadequate drainage.[1] On three different occasions during the course of that summer and fall, the Fitzgeralds had to have the drain field flushed and pumped. Flushing and pumping the drain field was only a temporary solution to the problem.

After some time, a Mr. Donald Clooten was hired to inspect the system and provide a solution to the problem. Clooten found that the drain field was saturated because the soil in the area was clay. Clooten knew that other residents in the area had experienced similar difficulties due to the soil conditions in such area. Clooten installed a Nodak System at a cost of $1,900.00, and the Fitzgeralds have experienced no problems with the system since that time.

The Fitzgeralds brought an action for fraud against the Balkowitsches to recover the reasonable cost of repairing the sewage system. The trial court found by clear and convincing evidence that the Balkowitsches failed to comply with § 9–10–02(3) of the North Dakota Century Code[2] by suppressing a fact which they were duty bound to disclose and by giving information as to other facts which were likely to mislead, for want of communication of the facts suppressed.

■ This court will not set aside a finding of an issue of fact by a trial court unless that finding is clearly erroneous under Rule 52(a) of the North Dakota Rules of Civil Procedure. *Randall v. Anderson*, 286

N.W.2d 515, 517 (N.D.1979). As this court recently said in *Nastrom v. Nastrom*, 284 N.W.2d 576, 580 (N.D.1979):

"A particular finding of fact is clearly erroneous when, although there is some evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made. *Bender v. Bender*, 276 N.W.2d 695 (N.D.1979); *Bohnenkamp v. Bohnenkamp*, 253 N.W.2d 439 (N.D.1977); *In re Estate of Elmer*, 210 N.W.2d 815 (N.D.1973)."

In the instant case, the trial court filed a memorandum decision which contains the findings of fact and conclusions of law. Although that is not the most desirable method of setting out findings of fact, it is provided for in the Rule, that is, Rule 52(a), N.D.R.Civ.P., which provides, in pertinent part, as follows:

"If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein."

We have approved this procedure for setting out findings in *Rummel v. Rummel*, 265 N.W.2d 230, 233 (N.D.1978); *Reub's Minot Camera, Inc. v. General Electric Credit Corp.*, 209 N.W.2d 635, 638 (N.D.1973); and *Higgins v. Mills*, 181 N.W.2d 726, 730 (N.D. 1970).

■ Upon reviewing the record as a whole and examining the memorandum of decision of the trial court, we are not "left with the definite and firm conviction that a mistake has been made.". *Nastrom, supra* 284 N.W.2d at 580. The Balkowitsches' main contention at trial was that the drain field was saturated due to the unusually heavy rainfall in the spring of 1978. They offered no evidence to contradict the testimony of the Fitzgeralds regarding assur-

---

1. The record shows that the Balkowitsches only had two small children living in the house with them. The Fitzgeralds have six children.

2. Section 9–10–02(3), N.D.C.C., provides as follows:

"*9–10–02. Deceit—Definition.*—A deceit within the meaning of section 9–10–03 is:

3. The suppression of a fact by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact . . . ."

ances as to the adequacy of the system which the Balkowitsches made to the Fitzgeralds. It seems that the trial court made a fair inference from the facts that the Balkowitsches were aware of the fact that unusual conservation measures were necessary to avoid overloading the system and that they failed to disclose that fact to the Fitzgeralds when the Fitzgeralds inquired about the adequacy of the system.

Counsel for the Balkowitsches argues that the Fitzgeralds have not proven fraud by clear and convincing evidence. We agree that fraud must be proved by clear and convincing evidence.[3] *Verry v. Murphy*, 163 N.W.2d 721, 731 (N.D.1968). However, we have held that fraud can be inferred from the facts and circumstances in a particular case. *Adams v. Little Missouri Minerals Association*, 143 N.W.2d 659, 686 (N.D.1966). We have also held, in *Verry*, *supra* 163 N.W.2d at 736, "The suppression of a material fact which a party is bound in good faith to disclose is equivalent to a false representation". In the instant case, the trial court found that the Balkowitsches were aware that unusual conservation measures were necessary to avoid overloading the sewage system. The record supports this finding. The record also supports the finding that the Balkowitsches failed to disclose this fact when presented with specific questions regarding the adequacy of the system.

This is distinguishable from the situation in which a seller is merely "puffing" his product. As we said in *Gersham v. Engelstad*, 160 N.W.2d 80, 86 (N.D.1968), "General expressions of opinion by a seller, commendatory of the thing he is selling, are not actionable even though not entirely true". In the instant case, the seller made a specific assurance that the sewer system was a good system. In fact, Quentin Balkowitsch testified that he said his system was "better than anyone's out there".

We hold that, under the facts of this case, fraud was proved by clear and convincing evidence and that the findings of fact are clearly supported by the record. Therefore, we affirm the judgment of the district court.

ERICKSTAD, C. J., and PEDERSON, VANDE WALLE and SAND, JJ., concur.

---

**3.** It should be noted that proof of fraud by clear and convincing evidence is a standard to be utilized by the trial court in its determination of whether or not fraud has been committed. This court, as an appellate court, reviews the findings of the trial court, utilizing the Rule 52(a), N.D.R.Civ.P., "clearly erroneous" standard. This court considered a similar question in *Zundel v. Zundel*, 278 N.W.2d 123, 130 (N.D. 1979), in determining whether or not a trial court was clearly erroneous in finding that an implied trust had been proved by clear and convincing evidence.